IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil Action No. 1:21-CV-00040 |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KEVIN N. THOMAS and | ) | |
| THERESA K. THOMAS, | ) | |
| | ) | |
| *Defendants*. | ) | |
| _____ | ) | |

## **COMPLAINT**

The United States of America complains and alleges as follows:

1.      The United States brings this action to obtain a monetary judgment against Kevin

N. Thomas and Theresa K. Thomas (the "Defendants") for the following: their joint liability for

unpaid federal income tax for tax years 2002, 2003, 2004, 2009, and 2010; Kevin Thomas's

liability for unpaid individual federal income tax for tax years 2007 and 2008; Kevin Thomas's

individual liability for his unpaid civil penalties for filing frivolous returns in tax years 2003,

2004, 2006, 2007, and 2008; Theresa Thomas's liability for unpaid individual federal income tax

for tax years 2006, 2007, and 2008; and Theresa Thomas's individual liability for her unpaid

civil penalties for filing frivolous returns in tax years 2002, 2003, 2004, 2005, 2006, 2007, and

2008. The United States further seeks declaratory judgment that the United States holds valid

federal tax liens for those liabilities that are enforceable against the Defendants' interests in the

real properties located at 515 Scott Drive, Saraland, Alabama, and 145 Mathieson Avenue,

Saraland, Alabama (collectively, the "Subject Properties").

## AUTHORIZATION

2.     This action has been authorized by the Chief Counsel of the Internal Revenue

Service ("the Service"), a delegate of the Secretary of the Treasury, and is brought at the direction

of the Attorney General of the United States, in accordance with 26 U.S.C. §§ 7401, 7403.

## JURISDICTION AND VENUE

3.     The Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1340

and 1345, and 26 U.S.C. § 7402.

4.     Venue is proper in the Southern Division of the Southern District of Alabama

pursuant to 28 U.S.C. §§ 1391(b)(2) and 1396 because the Defendants reside in Mobile County,

Alabama, within the jurisdiction of this Court; the events or omissions giving rise to their tax

liabilities occurred in this district; the tax liabilities accrued in this district; and the Subject

Properties are located in this district.

## PARTIES

5.     The Plaintiff is the United States of America.

6.     Defendant Kevin Thomas resides in this district at 515 Scott Drive in Saraland,

Alabama, and is the husband of Defendant Theresa Thomas. Kevin Thomas is liable to the

United States for unpaid joint and individual federal income taxes and civil penalties assessed

against him for tax years 2002, 2003, 2004, 2006, 2007, 2008, 2009, and 2010. The federal tax

liens that arose upon assessment of those liabilities attach to Kevin Thomas's interests in the

Subject Properties.

7.     Defendant Theresa Thomas resides in this district at 515 Scott Drive in Saraland,

Alabama, and is the wife of Defendant Kevin Thomas. Theresa Thomas is liable to the United

States for unpaid joint and individual federal income taxes and civil penalties assessed against

her for tax years 2002, 2003, 2004, 2005, 2006, 2007, 2008, 2009, and 2010. The federal tax liens that arose upon assessment of those liabilities attach to Theresa Thomas's interests in the Subject Properties.

## THE SUBJECT PROPERTIES

8.   The United States seeks a declaration that its federal tax liens against the Defendants attach to the real properties located at 515 Scott Drive, Saraland, Alabama, and 145 Mathieson Avenue, Saraland, Alabama.

9.   The real property located at 515 Scott Drive, Saraland, Alabama is identified as Parcel ID Number 22-03-05-1-000-067 and described as follows:

> LOT 206 SHELTON BEACH ESTATES MBK 14 P 27 A & B
> #SEC 05 T3S R1W #MP22 03 055 1 000

More fully described as:

> Lot 206, SHELTON BEACH ESTATES as recorded in Map Book
> 14, Page 27 A & B of the records in the Office of the Judge of
> Probate, Mobile County, Alabama.

10.   The real property located at 145 Mathieson Avenue, Saraland, Alabama is identified as Parcel ID Number 22-03-05-1-000-066 and described as follows:

> LOT 205 SHELTON BEACH ESTS MBK 14 P 27 #SEC 05 T3S
> R1W #MP22 03 05 1 000

More fully described as:

> Lot 205, SHELTON BEACH ESTATES as recorded in Map Book
> 14, Page 27 of the records in the Office of the Judge of Probate,
> Mobile County, Alabama.

## COUNT I

### REDUCE KEVIN THOMAS'S UNPAID INDIVIDUAL
### INCOME TAX LIABILITIES TO JUDGMENT

11.     For tax years 2007 and 2008, Kevin Thomas filed untimely individual federal income tax returns (Forms 1040—United States Income Tax Return for Individuals).

12.     Kevin Thomas filed a federal individual income tax return as single for tax year 2007.

13.     Kevin Thomas filed a federal individual income tax return as married filing separate for tax year 2008.

14.     The Service determined the tax due on the income Kevin Thomas reportedly earned for tax years 2007 and 2008.

15.     On the dates and in the amounts described in the table below, and after following the deficiency procedures of 26 U.S.C. § 6211 *et seq.*, a delegate of the Secretary of the Treasury assessed income tax, interest, penalties, and statutory additions against Kevin Thomas for tax years 2007 and 2008.

| TAX YEAR | ASSESSMENT DATE | TYPE OF ASSESSMENT | AMOUNT | BALANCE DUE AS OF JANUARY 1, 2021 |
|---|---|---|---|---|
| 2007 | April 12, 2010 | Tax | $7,443.00 | $12,510.38 |
| | | Late Filing Penalty | $1,149.98 | |
| | | Interest | $615.34 | |
| | | Failure to Pre-Pay Penalty | $220.82 | |
| | | Late Payment Penalty | $613.32 | |
| 2008 | August 6, 2012 | Tax | $34,195.00 | $9,953.90 |
| | | Late Filing Penalty | $1,725.50 | |
| | | Interest | $967.50 | |
| | | | | **TOTAL:  $22,464.28** |

16.     A delegate of the Secretary of the Treasury properly gave Kevin Thomas notice of the liabilities described in paragraph 15, above, and made demands for payment.

17.     Despite notice and demand for payment, Kevin Thomas has failed and refused to pay in full the liabilities described in paragraph 15, above.

18.     The United States generally has ten years from the date of an assessment to bring a proceeding in court to collect the unpaid tax. *See* 26 U.S.C. § 6502(a). Although the tax assessment against Kevin Thomas for the 2007 tax year was made over ten years ago, the United States' claim for that tax period is timely because the limitations period was suspended during the pendency of Kevin and Theresa Thomas's Chapter 13 bankruptcy proceeding, plus six months, for a total of 291 days. *See* 26 U.S.C. § 6503(h).

19.     Taking into account all payments, credits, and abatements, Kevin Thomas owes a total of $22,464.28, as of January 1, 2021, on account of his unpaid federal individual income tax for tax years 2007 and 2008, plus fees, interest, and all statutory additions thereafter provided by law, less any further credits, abatements, and payments.

### COUNT II

### REDUCE KEVIN THOMAS'S INDIVIDUAL
### LIABILITIES FOR CIVIL PENALTIES TO JUDGMENT

20.     For tax years 2003, 2004, 2006, 2007, and 2008, Kevin Thomas filed frivolous joint or individual income tax returns (Forms 1040—United States Income Tax Return for Individuals). The frivolous submissions include returns that listed "0" for income, tax, and other entries, contrary to law.

21.     On the dates described in the table below, a delegate of the Secretary of the Treasury assessed civil penalties of $5,000 each pursuant to 26 U.S.C. § 6702(a), for Kevin Thomas's filing of frivolous tax returns in tax years 2003, 2004, 2006, 2007, and 2008.

| TAX YEAR | ASSESSMENT DATE | BALANCE DUE AS OF JANUARY 1, 2021 |
|---|---|---|
| 2003 | June 6, 2011 | $6,790.15 |
| 2004 | July 18, 2011 | $6,937.78 |
| 2006 | May 30, 2011 | $14,368.91 |
| 2007 | July 18, 2011 | $9,449.80 |
| 2008 | January 10, 2011 | $3,718.00 |
| | | TOTAL: $41,264.34 |

22.     A delegate of the Secretary of the Treasury properly gave Kevin Thomas notice of the liabilities described in paragraph 21, above, and made demands for payment.

23.     Despite notice and demand for payment, Kevin Thomas has failed and refused to pay in full the liabilities described in paragraph 21, above.

24.     The United States generally has ten years from the date of an assessment to bring a proceeding in court to collect the unpaid tax. *See* 26 U.S.C. § 6502(a). Although the civil penalty assessment against Kevin Thomas for the 2008 tax year was made over ten years ago, the United States' claim for that tax period is timely because the limitations period was suspended during the pendency of Kevin and Theresa Thomas's Chapter 13 bankruptcy proceeding, plus six months, for a total of 291 days. *See* 26 U.S.C. § 6503(h).

25.     Taking into account all payments, credits, and abatements, Kevin Thomas owes a total of $41,264.34, as of January 1, 2021, on account of his unpaid civil penalties for filing frivolous returns in tax years 2003, 2004, 2006, 2007, and 2008, plus fees, interest, and all statutory additions thereafter provided by law, less any further credits, abatements, and payments.

## COUNT III

**REDUCE THERESA THOMAS'S INDIVIDUAL
INCOME TAX LIABILITIES TO JUDGMENT**

26.    For tax years 2006, 2007, and 2008, Theresa Thomas filed untimely individual

federal income tax returns (Forms 1040—United States Income Tax Return for Individuals) as

married filing separate.

27.    The Service determined the tax due on the income Theresa Thomas reportedly

earned for tax years 2006, 2007, and 2008.

28.    On the dates and in the amounts described in the table below, and after following

the deficiency procedures of 26 U.S.C. § 6211, *et seq.*, a delegate of the Secretary of the

Treasury assessed income tax, interest, penalties, and statutory additions against Theresa Thomas

for tax years 2006, 2007, and 2008.

| TAX YEAR | ASSESSMENT DATE | TYPE OF ASSESSMENT | AMOUNT | BALANCE DUE AS OF JANUARY 1, 2021 |
|---|---|---|---|---|
| 2006 | December 6, 2010 | Tax | $39,563.00 | $46,087.31 |
| | | Late Filing Penalty | $4,061.03 | |
| | | Interest | $4,805.41 | |
| | | Failure to Pre-Pay Penalty | $741.01 | |
| 2007 | June 28, 2010 | Tax | $25,029.00 | $67,980.32 |
| | | Accuracy-Related Penalty | $1,593.00 | |
| | | Interest | $1,028.43 | |
| | January 3, 2011 | Tax | $23,911.00 | |
| | | Late Filing Penalty | $1,540.80 | |
| | | Failure to Pre-Pay Penalty | $255.39 | |
| 2008 | November 12, 2012 | Tax | $21,175.00 | $21,834.36 |
| | | Accuracy-Related Penalty | $4,235.00 | |
| | | Late Filing Penalty | $1,679.36 | |
| | | Interest | $1,746.23 | |
| | | | **TOTAL:  $135,901.99** | |

29.     A delegate of the Secretary of the Treasury properly gave Theresa Thomas notice of the liabilities described in paragraph 28, above, and made demands for payment.

30.     Despite notice and demand for payment, Theresa Thomas has failed and refused to pay in full the liabilities described in paragraph 28, above.

31.     The United States generally has ten years from the date of an assessment to bring a proceeding in court to collect the unpaid tax. *See* 26 U.S.C. § 6502(a). Although the assessments against Theresa Thomas for the 2006 and 2007 tax years were made over ten years ago, the United States' claims for those tax periods are timely because the limitations period was suspended during the pendency of Kevin and Theresa Thomas's Chapter 13 bankruptcy proceeding, plus six months, for a total of 291 days. *See* 26 U.S.C. § 6503(h).

32.     Taking into account all payments, credits, and abatements, Theresa Thomas owes a total of $135,901.99, as of January 1, 2021, on account of her unpaid federal individual income tax for tax years 2006, 2007 and 2008, plus fees, interest, and all statutory additions thereafter provided by law, less any further credits, abatements, and payments.

## COUNT IV

### REDUCE THERESA THOMAS'S INDIVIDUAL
### LIABILITIES FOR CIVIL PENALTIES TO JUDGMENT

33.     For tax years 2002, 2003, 2004, 2005, 2006, 2007, and 2008, Theresa Thomas filed frivolous joint or individual income tax returns (Forms 1040—United States Income Tax Return for Individuals). The frivolous submissions include returns that listed "0" for income, tax, and other entries, contrary to law.

34.     On the dates described in the following table (next page), a delegate of the Secretary of the Treasury assessed civil penalties of $5,000 each pursuant to 26 U.S.C. §

6702(a), for Theresa Thomas's filing of frivolous tax returns in tax years 2002, 2003, 2004, 2005, 2006, 2007, and 2008.

| Tax Year | Assessment Date | Balance Due As Of January 1, 2021 |
|---|---|---|
| 2002 | November 21, 2011 | $6,761.58 |
| 2003 | June 6, 2011 | $10,795.70 |
| 2004 | May 30, 2011 | $12,540.19 |
| 2005 | May 30, 2011 | $12,540.19 |
| 2006 | May 31, 2010<br>May 30, 2011 | $14,622.60 |
| 2007 | May 24, 2010<br>September 13, 2010<br>July 2, 2012 | $21,771.49 |
| 2008 | April 23, 2012 | $6,994.37 |
| | | TOTAL: $86,026.12 |

35.     A delegate of the Secretary of the Treasury properly gave Theresa Thomas notice of the liabilities described in paragraph 34, above, and made demands for payment.

36.     Despite notice and demand for payment, Theresa Thomas has failed and refused to pay in full the liabilities described in paragraph 34, above.

37.     The United States generally has ten years from the date of an assessment to bring a proceeding in court to collect the unpaid tax. *See* 26 U.S.C. § 6502(a). Although the civil penalty assessments against Theresa Thomas for tax years 2006 and 2007 were made over ten years ago, the United States' claims for those tax periods are timely because the limitations period was suspended during the pendency of Kevin and Theresa Thomas's Chapter 13 bankruptcy proceeding, plus six months, for a total of 291 days. *See* 26 U.S.C. § 6503(h).

38.     Taking into account all payments, credits, and abatements, Theresa Thomas owes

a total of $86,026.12, as of January 1, 2021, on account of her unpaid civil penalties for filing

frivolous returns in tax years 2002, 2003, 2004, 2005, 2006, 2007, and 2008, plus fees, interest,

and all statutory additions thereafter provided by law, less any further credits, abatements, and

payments.

## COUNT V

### REDUCE KEVIN AND THERESA THOMAS'S
### JOINT INCOME TAX LIABILITIES TO JUDGMENT

39.     For tax years 2002, 2003, 2004, 2009, and 2010, Kevin and Theresa Thomas filed

untimely joint federal income tax returns (Forms 1040—United States Income Tax Return for

Individuals).

40.     The Service determined the tax due on the income that Kevin and Theresa

Thomas earned for tax years 2002, 2003, 2004, 2009, and 2010.

41.     On the dates and in the amounts described in the following table (next page), and

after following the deficiency procedures of 26 U.S.C. § 6211 *et seq.*, to the extent required, a

delegate of the Secretary of the Treasury assessed against Kevin and Theresa Thomas the joint

liabilities reported on their federal income tax returns, plus additional tax, penalties, interest, and

statutory additions for tax years 2002, 2003, 2004, 2009, and 2010.

| Tax Year | Assessment Date | Type of Assessment | Amount | Balance Due As Of January 1, 2021 |
|---|---|---|---|---|
| 2002 | May 7, 2012 | Tax | $20,747.00 | $19,774.68 |
| | | Late Filing Penalty | $3,442.13 | |
| | | Interest | $10,160.13 | |
| 2003 | September 2, 2013 | Tax | $11,135.00 | $12,013.96 |
| | | Late Filing Penalty | $3,712.72 | |
| | | Interest | $9,043.29 | |
| 2004 | September 9, 2013 | Tax | $24,794.00 | $17,935.71 |
| | | Late Filing Penalty | $6,674.85 | |
| 2009 | April 12, 2013 | Tax | $25,550.00 | $10,478.79 |
| | | Interest | $676.06 | |
| 2010 | February 13, 2012 | Tax | $22,981.00 | $255.49 |
| | | Late Filing Penalty | $503.01 | |
| | | Interest | $116.87 | |
| | | Failure to Pre-Pay Penalty | $36.00 | |
| | | Late Payment Penalty | $186.30 | |
| | | | | **TOTAL: $60,458.63** |

42.     A delegate of the Secretary of the Treasury properly gave Kevin and Theresa Thomas notice of the liabilities described in paragraph 41, above, and made demands for payment.

43.     Despite notice and demand for payment, Kevin and Theresa Thomas have failed and refused to pay in full the liabilities described in paragraph 41, above.

44.     Taking into account all payments, credits, and abatements, Kevin and Theresa Thomas jointly and severally owe, in addition to their individual tax liabilities described above, a total of $60,458.63, as of January 1, 2021, on account of their unpaid joint federal income taxes for the 2002, 2003, 2004, 2009, and 2010 tax years, plus fees, interest, and all statutory additions thereafter provided by law, less any further credits, abatements, and payments.

## COUNT VI

**DECLARATORY JUDGMENT THAT THE FEDERAL TAX LIENS ARE
ENFORCEABLE AGAINST THE REAL PROPERTY LOCATED AT
515 SCOTT DRIVE, SARALAND, ALABAMA**

45.     On July 22, 1988, Theresa Thomas acquired the real property located at 515 Scott

Drive, Saraland, Alabama as recorded in the Public Records of Mobile County, Alabama at Book

3298, Page 469.

46.     Theresa Thomas is the sole owner of the real property located at 515 Scott Drive,

Saraland, Alabama.

47.     Theresa Thomas and Kevin Thomas reside at 515 Scott Drive, Saraland,

Alabama.

48.     On the dates of the assessments described in paragraphs 15, 21, 28, 34, and 41,

above, federal tax liens arose and attached to all of Theresa Thomas's property and rights to

property, including her interest in the property located at 515 Scott Drive, Saraland, Alabama. 26

U.S.C. §§ 6321, 6322.

49.     The Service recorded Notices of Federal Tax Lien for the tax years at issue

against Kevin and Theresa Thomas in the Public Records of Mobile County, Alabama on the

dates shown in the following chart (next page):

| Date Recorded | Taxpayer | Record Location |
|---------------|----------|-----------------|
| 6/8/2009 | Theresa Thomas | B 6540, P 1612, Instrument No. 2009034932 |
| 2/10/2012 | Kevin Thomas | B 6861, P 56, Instrument No. 2012009034 |
| 2/10/2012 | Kevin Thomas | B 6861, P 85, Instrument No. 2012009042 |
| 2/10/2012 | Theresa Thomas | B 6861, P 2, Instrument No. 2012009002 |
| 3/20/2012 | Theresa Thomas | B 6873, P 705, Instrument No. 2012016708 |
| 4/30/2012 | Kevin and Theresa Thomas | B 6887, P 447, Instrument No. 2012025006 |
| 5/29/2012 | Kevin Thomas | B 6896, P 1630, Instrument No. 2012031062 |
| 7/2/2012 | Theresa Thomas | B 6908, P 53, Instrument No. 2012037701 |
| 9/6/2012 | Kevin and Theresa Thomas | B 6930, P 945, Instrument No. 2012051365 |
| 9/6/2012 | Kevin and Theresa Thomas | B 6930, P 943, Instrument No. 2012051363 |
| 2/22/2017 | Theresa Thomas | B 7480, P 3, Instrument No. 2017010400 |
| 3/8/2017 | Theresa Thomas (refile) | B 7484, P 1868, Instrument No. 2017013224 |
| 10/13/2017 | Kevin and Theresa Thomas | B 7565, P 590, Instrument No. 2017058552 |
| 11/27/2017 | Theresa Thomas | B 7579, P 1038, Instrument No. 2017066346 |
| 3/6/2018 | Kevin and Theresa Thomas | B 7610, P 1716, Instrument No. 2018012108 |
| 3/13/2018 | Theresa Thomas (refile) | B 7613, P 720, Instrument No. 2018013653 |
| 3/13/2018 | Kevin Thomas (refile) | B 7613, P 721, Instrument No. 2018013654 |
| 2/28/2020 | Kevin Thomas | Instrument No. 2020012339 |
| 03/04/2020 | Theresa Thomas | Instrument No. 2020013538 |

50.     The United States is entitled to a declaratory judgment that the federal tax liens against Kevin and Theresa Thomas are valid; that the federal tax liens attach to their interest in the real property located at 515 Scott Drive, Saraland, Alabama; and that the federal tax liens may, at an appropriate time, be enforced against their interest in the real property located at 515 Scott Drive, Saraland, Alabama in accordance with section 7403 of the Internal Revenue Code through a judicial sale.

## COUNT VII

**DECLARATORY JUDGMENT THAT THE FEDERAL TAX LIENS ARE
ENFORCEABLE AGAINST THE REAL PROPERTY LOCATED AT
145 MATHIESON AVENUE, SARALAND, ALABAMA**

51.     On April 25, 2005, Kevin and Theresa Thomas, as joint tenants with right of
survivorship, acquired the real property located at 145 Mathieson Avenue, Saraland, Alabama as
recorded in the Public Records of Mobile County, Alabama at Book 5767, Page 1800.

52.     Kevin and Theresa Thomas each own a one-half interest in the real property
located at 145 Mathieson Avenue, Saraland, Alabama.

53.     On the dates of the assessments described in paragraphs 15, 21, 28, 34, and 41,
above, federal tax liens arose and attached to all of Kevin and Theresa Thomas's property and
rights to property, including their interest in the property located at 145 Mathieson Avenue,
Saraland, Alabama. 26 U.S.C. §§ 6321, 6322.

54.     The Service recorded Notices of Federal Tax Lien for the tax years at issue
against Kevin and Theresa Thomas in the Public Records of Mobile County, Alabama on the
dates shown in the following chart (next page):

| Date Recorded | Taxpayer | Record Location |
|---|---|---|
| 6/8/2009 | Theresa Thomas | B 6540, P 1612, Instrument No. 2009034932 |
| 2/10/2012 | Kevin Thomas | B 6861, P 56, Instrument No. 2012009034 |
| 2/10/2012 | Kevin Thomas | B 6861, P 85, Instrument No. 2012009042 |
| 2/10/2012 | Theresa Thomas | B 6861, P 2, Instrument No. 2012009002 |
| 3/20/2012 | Theresa Thomas | B 6873, P 705, Instrument No. 2012016708 |
| 4/30/2012 | Kevin and Theresa Thomas | B 6887, P 447, Instrument No. 2012025006 |
| 5/29/2012 | Kevin Thomas | B 6896, P 1630, Instrument No. 2012031062 |
| 7/2/2012 | Theresa Thomas | B 6908, P 53, Instrument No. 2012037701 |
| 9/6/2012 | Kevin and Theresa Thomas | B 6930, P 945, Instrument No. 2012051365 |
| 9/6/2012 | Kevin and Theresa Thomas | B 6930, P 943, Instrument No. 2012051363 |
| 2/22/2017 | Theresa Thomas | B 7480, P 3, Instrument No. 2017010400 |
| 3/8/2017 | Theresa Thomas (refile) | B 7484, P 1868, Instrument No. 2017013224 |
| 10/13/2017 | Kevin and Theresa Thomas | B 7565, P 590, Instrument No. 2017058552 |
| 11/27/2017 | Theresa Thomas | B 7579, P 1038, Instrument No. 2017066346 |
| 3/6/2018 | Kevin and Theresa Thomas | B 7610, P 1716, Instrument No. 2018012108 |
| 3/13/2018 | Theresa Thomas (refile) | B 7613, P 720, Instrument No. 2018013653 |
| 3/13/2018 | Kevin Thomas (refile) | B 7613, P 721, Instrument No. 2018013654 |
| 2/28/2020 | Kevin Thomas | Instrument No. 2020012339 |
| 03/04/2020 | Theresa Thomas | Instrument No. 2020013538 |

55.     The United States is entitled to a declaratory judgment that the federal tax liens against Kevin and Theresa Thomas are valid; that the federal tax liens attach to their interests in the real property located at 145 Mathieson Avenue, Saraland, Alabama; and that the federal tax liens may be enforced against their interests in the real property located at 145 Mathieson Avenue, Saraland, Alabama in accordance with section 7403 of the Internal Revenue Code through a judicial sale.

## PRAYER FOR RELIEF

WHEREFORE, the United States respectfully requests that the Court enter an order:

A.      granting judgment in favor of the United States and against Kevin Thomas in the amount of $22,464.28, as of January 1, 2021, plus further interest and statutory additions as allowed by law, for his unpaid federal individual income tax liabilities for tax years 2007 and 2008;

B.      granting judgment in favor of the United States and against Kevin Thomas in the amount of $41,264.34, as of January 1, 2021, plus further interest and statutory additions as allowed by law, for his unpaid civil penalties for filing frivolous returns in tax years 2003, 2004, 2006, 2007, and 2008;

C.      granting judgment in favor of the United States and against Theresa Thomas in the amount of $135,901.99, as of January 1, 2021, plus further interest and statutory additions as allowed by law, for her unpaid federal individual income tax liabilities for tax years 2006, 2007, and 2008;

D.      granting judgment in favor of the United States and against Theresa Thomas in the amount of $86,026.12, as of January 1, 2021, plus further interest and statutory additions as allowed by law, for her unpaid civil penalties for filing frivolous returns in tax years 2002, 2003, 2004, 2005, 2006, 2007, and 2008;

E.      granting judgment in favor of the United States and against Kevin Thomas and Theresa Thomas, jointly and severally, in the amount of $60,458.63 as of January 1, 2021, plus further interest and statutory additions as allowed by law, for their unpaid joint federal income tax liabilities for tax years 2002, 2003, 2004, 2009, and 2010;

F.      declaring that the federal tax liens against Kevin and Theresa Thomas for their unpaid federal tax liabilities for the 2002 through 2010 tax years are valid and enforceable through judicial sale under section 7403 of the Internal Revenue Code; and further

G.      declaring that the federal tax liens against Kevin and Theresa Thomas for their unpaid federal tax liabilities for the 2002 through 2010 tax years attach to their interests in the real property located at 515 Scott Drive, Saraland, Alabama;

H.      declaring that the federal tax liens against Kevin and Theresa Thomas for their unpaid federal tax liabilities for the 2002 through 2010 tax years attach to their interests in the real property located at 145 Mathieson Avenue, Saraland, Alabama; and

I.      award the United States such further relief as the Court deems just and proper.


Dated:  January 26, 2021                    Respectfully submitted,

                                            DAVID A. HUBBERT
                                            Deputy Assistant Attorney General

                               By:          */s/ Forrest T. Young*
                                            FORREST T. YOUNG
                                            Trial Attorney, Tax Division
                                            U.S. Department of Justice
                                            Post Office Box 14198
                                            Washington, D.C. 20044
                                            Telephone: (202) 353–1978
                                            Facsimile: (202) 514–4963
                                            Email: Forrest.T.Young@usdoj.gov

                                            *Of Counsel:*

                                            RICHARD W. MOORE
                                            United States Attorney

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |  |

_____
*Plaintiff(s)*

v.                                                    Civil Action No. _____

_____
*Defendant(s)*

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                                                                      *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*
                                                                                    .


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

JS 44   (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

United States of America

**DEFENDANTS**

Kevin N. Thomas, and Theresa K. Thomas

**(b)**  County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Mobile
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

Forrest T. Young, U.S. Dep't of Justice, Tax Division
P.O. Box 14198, Washington DC 20044 202-353-1978

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☒ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
Another District
*(specify)*

☐ 6  Multidistrict
Litigation -
Transfer

☐ 8  Multidistrict
Litigation -
Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 USC §§ 7402, 7403

Brief description of cause:
Obtain monetary judgment and declaratory judgment

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $
346,115.26

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes   ☒ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE
01/26/2021

SIGNATURE OF ATTORNEY OF RECORD
/s/ Forrest T. Young

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____